**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

DAVID ANDERSON, MICHAEL NIGRO, TROY MOORE, JOSEPH MCGOVERN, ROSS JOHNSON, SIYA DUMA, and CONRAD BREWER, *on behalf of themselves and all others similarly situated*,

                        Plaintiffs,

        -against-

THE HUDSON NATIONAL GOLF CLUB, INC. (d/b/a "Hudson National Golf Club"), THERON C. HARVEY, RICHARD HARDIN, and KEVIN MCCONAUGHY,

                        Defendants.

------------------------------------------------------------x

Civil Action No.: 7:23-CV-00522 (KMK)

# SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

                                                        JACKSON LEWIS P.C.

                                                        666 Third Avenue
                                                        New York, NY 10017-4030
                                                        (212) 545-4000

                                                        *Attorneys For Defendants*

Attorneys of Record:
    Adam S. Gross
    Greg Riolo

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................**Error! Bookmark not defined.**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ....................................................................................................................... 2

I.   JUDGE SEIBEL'S DECISION IN *WYKAGYL* SUPPORTS DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' MINIMUM WAGE CLAIMS. ................................................................................. 2

II.  THE BAG FEES RECEIVED BY PLAINTIFFS FROM THE GOLFERS ARE SERVICE CHARGES AND NOT TIPS. ............................................... 3

   A.  Under the Definition of 29 C.F.R. § 531.55, The Bag Fees Are Service Charges Which Can be Credited Towards Minimum Wage and Overtime, and Not Tips. ........................................................ 4

   B.  Plaintiffs' Allegations Establish That The Bag Fees Are Service Charges and Not Tips When Analyzed Under A Multi-Factor Test. ................................................................................... 5

III. AN IMPLICIT AGREEMENT EXISTS BETWEEN PLAINTIFFS AND THE CLUB, ESTABLISHING THAT THE BAG FEES CONSTITUTE RENUMERATION FOR PLAINTIFFS' SERVICES. ................................................................................................ 7

CONCLUSION .................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brown v. City Univ. of New York*,
    No. 21-cv-854 (PKC) (MMH), 2022 U.S. Dist. LEXIS 180062 (E.D.N.Y.
    Sept. 30, 2022) ...............................................................................................................4

*Compere v. Nusret Miami, LLC*,
    28 F.4th 1180 (11th Cir. 2022) .......................................................................................4

*Hart v. Rick's NY Cabaret Int'l, Inc.*,
    967 F. Supp. 2d 901 (S.D.N.Y. 2013).........................................................................1, 5

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995)............................................................................................6

*Hopkins v. Wykagyl Country Club*,
    No. 22-cv-10399 (S.D.N.Y.).................................................................................. *passim*

*Sander v. Enerco Grp., Inc.*,
    No. 21-cv-10684, 2023 U.S. Dist. LEXIS 19638 (S.D.N.Y. Feb. 6, 2023)..............................4

*Sec'y U.S. DOL v. Bristol Excavating, Inc.*,
    935 F.3d 122 (3d Cir. 2019)............................................................................................7

**Statutes**

Fair Labor Standards Act ...............................................................................................2, 3, 4

New York Labor Law .............................................................................................................2

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................................1

**PRELIMINARY STATEMENT**

In light of Judge Cathy Seibel's decision on a similar motion to dismiss in *Hopkins v. Wykagyl Country Club*, No. 22-cv-10399 (S.D.N.Y.), and pursuant to the Court's June 20, 2024 Order, Defendants Hudson National Golf Club, Inc. ("Hudson National" or the "Club"), Theron C. Harvey, Richard Hardin, and Kevin McConaughy (hereinafter collectively referred to as "Defendants") submit this Supplemental Memorandum of Law in further support of their Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6).

As it pertains to this present action, Judge Seibel's decision in *Wykagyl* is only applicable to Defendants' motion to dismiss Plaintiffs' minimum wage claims. Judge Seibel's decision is relevant to two crucial inquiries raised by Defendants' Motion: 1) whether the bag fees caddies received were a service charge or a tip; and 2) whether Plaintiffs plausibly alleged they did not have an agreement with the Club that the bag fees would be renumeration for their services. Tr. Of Ruling on Mot. To Dismiss, *Hopkins v. Wykagyl Country Club*, 22-cv-10399 (CS) (S.D.N.Y. Jan. 9, 2024).[1]

The decision in *Wykagyl* clearly supports Defendants' argument that the bag fees Plaintiffs received were a service charge and not a tip. First, under the definition of 29 C.F.R. § 531.55(a), the bag fee is a service charge and not a tip because it is a compulsory charge set by the Club. Second, when analyzing the multi-factor test acknowledged in *Hart v. Rick's NY Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013), the allegations in Plaintiffs' Amended Complaint weigh in favor of defining the bag fees as service charges and not tips. While Judge Seibel could not dismiss the *Wykagyl* Complaint because she found the allegations supported both sides, the

---

[1] A copy of the Transcript of the Ruling was attached to the Affirmation of Adam S. Gross in Support of Defendant's Motion to Dismiss, as Exhibit A.

1

allegations in Plaintiffs' Amended Complaint are distinguishable from the allegations in *Wykagyl*, as more particularly discussed below, and support the argument that the bag fees Plaintiffs received from the golfers are service charges and not tips.

Further, the allegations in the Amended Complaint here are clear that an agreement existed between Plaintiffs and the Club that the bag fees Plaintiffs received constituted payment for their services. While Judge Seibel could not reach this conclusion because the *Wykagyl* Complaint directly alleged that no agreement existed, this is not the case in the present action. Here, Plaintiffs' assertions show that they did in fact understand the bag fees were remuneration for their caddie services.

Thus, while Judge Seibel's decision to deny the motion to dismiss in *Wykagyl* is based on different fact allegations, the reasoning in her decision supports Defendants' motion to dismiss Plaintiffs' minimum wage claims. Therefore, applying the reasoning in Judge Seibel's decision, Defendants' Motion to Dismiss should be granted.[2]

## ARGUMENT

### I. JUDGE SEIBEL'S DECISION IN *WYKAGYL* SUPPORTS DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' MINIMUM WAGE CLAIMS.

The motion to dismiss before Judge Seibel in *Hopkins v. Wykagyl Country Club* sought dismissal of the caddie plaintiffs' minimum wage claims under the FLSA and New York Labor Law, as well as two other New York Labor Law violations. In deciding the motion, Judge Seibel considered whether plaintiffs properly alleged that they did not receive minimum wages. *See* Tr. Of Ruling on Mot. To Dismiss, *Hopkins v. Wykagyl Country Club*, 22-cv-10399 (CS) at 10:15-17.

---

[2] Judge Seibel's decision in *Wykagyl* is not relevant to this Court's analysis of the sufficiency of Plaintiffs' overtime allegations. For the reasons set forth in Defendants' Motion, Plaintiffs' overtime allegations fail to state a claim as a matter of law, and therefore, this Court should dismiss the Amended Complaint in its entirety for lack of subject matter jurisdiction.

In her analysis, Judge Seibel examined the parties' arguments regarding whether the bag fees were mandatory service charges that could be applied against the minimum wage requirements of the FLSA or a tip. Judge Seibel concluded that under the definition of 29 C.F.R. § 531.55(a), the bag fees are service charges and <u>not</u> tips. *Id*. at 12:2-3. Nevertheless, Judge Seibel found that a multi-factor test which looked at factors including, whether the fees were compulsory, whether there was a set fee, the method of distribution, whether the employer tracked it, was a better method for determining whether the bag fees were service charges. *Id*. at 12:16-25. In her decision, she acknowledged the allegations in the *Wykagyl* complaint could weigh both ways, and therefore, she could not conclude that the allegations were implausible. *Id*. at 14:1-3.

Judge Seibel also examined defendant's argument that the club was entitled to credit for the bag fees because an implicit agreement existed between the caddies and the club that bag fees were renumeration for the caddies' services. *Id*. at 14:11-13. She found that although the existence of such an agreement made common sense, she had to credit plaintiffs' explicit allegation that no such agreement existed. *Id*. at 15:1-3. Based on these allegations and reasoning, Judge Seibel denied the motion to dismiss.

However, as set forth below, Plaintiffs' allegations here are plainly distinguishable from those in *Wykagyl*. Application of Judge Seibel's reasoning to the facts before this Court, portends the opposite outcome.

**II.    THE BAG FEES RECEIVED BY PLAINTIFFS FROM THE GOLFERS ARE SERVICE CHARGES AND NOT TIPS.**

Under both the plain language of 29 C.F.R. § 531.55 and an analysis of a multi-factor test, the bag fees received by Plaintiffs from the golfers are service charges and not tips, a conclusion supported by Judge Seibel's decision in *Wykagyl*.

3

### A. Under the Definition of 29 C.F.R. § 531.55, The Bag Fees Are Service Charges Which Can be Credited Towards Minimum Wage and Overtime, and Not Tips.

The plain language of 29 C.F.R. § 531.55 defines a "compulsory charge for service… imposed on a customer by an employer's establishment" as not a tip and states that such service charges "may be used in their entirety to satisfy the monetary requirements" of the FLSA. 29 C.F.R. 531.55. Under this definition, the bag fee which is imposed by the Club "is a service charge and not a tip" because the fee is mandatory and set by the Club. Tr. Of Ruling on Mot. To Dismiss, *Hopkins v. Wykagyl Country Club*, 22-cv-10399 (CS) at 12:2-3. Judge Seibel further cited to *Compere v. Nusret Miami, LLC*, and agreed with the *Compere* court's conclusion that "the service charge there was not a tip because it was a compulsory fee that the customer had no choice but to pay in a predetermined amount" and "therefore counted toward the employees' regular rate of pay for purposes of minimum wage and overtime." Tr. Of Ruling on Mot. To Dismiss, *Hopkins v. Wykagyl Country Club*, 22-cv-10399 (CS) at 13:6-11 (citing *Compere v. Nusret Miami, LLC*, 28 F.4th 1180, 1189 (11th Cir. 2022)).

Here, Hudson National's minimum bag fees are service charges. Contrary to Plaintiffs' argument in their Opposition, the allegations in their Amended Complaint clearly assert that the fees were compulsory charges imposed by the Club.[3] Plaintiffs allege, among other things, that

---

[3] Plaintiffs' claim that the bag fee is "suggested" rather than compulsory is belied by their other allegations in the Amended Complaint, including allegations that if a golfer paid less than the established bag rate, then the caddie was told either that it would be made up next time or the caddie master may obtain the additional payment from the golfer (Am. Compl. ¶ 166). Accordingly, this argument should not be credited when analyzing a motion to dismiss. *See Sander v. Enerco Grp., Inc.*, No. 21-cv-10684, 2023 U.S. Dist. LEXIS 19638, at *10 (S.D.N.Y. Feb. 6, 2023) (finding that "in light of the conflicting information presented by plaintiff, the Court…finds the claims are not facially plausible"); *see also Brown v. City Univ. of New York*, No. 21-cv-854 (PKC) (MMH), 2022 U.S. Dist. LEXIS 180062, at *12 (E.D.N.Y. Sept. 30, 2022) ("a court 'need not feel constrained to accept as truth conflicting pleadings that make no sense, or would render a claim incoherent, or that are contradicted by statements in the complaint itself…") (internal citations omitted).

4

"Hudson National Golf Club exercised control over caddies' compensation rates" and "[i]f a golfer paid less than the suggested bag rate… the caddie master may take steps to obtain additional payment from the golfer to give to the caddie". (Am. Comp. ¶¶ 166, 303). Moreover, Plaintiffs acknowledge that they also received tips in addition to the minimum bag fee, further establishing a difference between the bag fee they received and gratuities. (Am. Comp. ¶¶ 163, 219). Based on the plain reading of 29 C.F.R. § 531.55(a), the bag fees Plaintiffs received are clearly service charges and not tips.

**B. Plaintiffs' Allegations Establish That The Bag Fees Are Service Charges and Not Tips When Analyzed Under A Multi-Factor Test.**

Even applying the multi-factor test—which Judge Seibel decided was the "better way to approach the issue" of whether the bag fees are service charges or tips—an analysis of Plaintiffs' allegations makes clear that the bag fees constitute service charges and must be credited to the Club as renumeration. Tr. Of Ruling on Mot. To Dismiss, *Hopkins v. Wykagyl Country Club*, 22-cv-10399 (CS) at 13:24-25. Some of the factors analyzed in the multi-factor test include: (a) whether the giving of money was voluntary; (b) whether the amount was up to the customer; (c) the method of distribution; (d) the customer's understanding; (e) inclusion in the employer's gross receipts; (f) whether the payment was made directly to the employee, (g) whether it was regarded as the employee's property; (h) whether the employer tracked it; and (i) whether it was for a personal service. Tr. Of Ruling on Mot. To Dismiss, *Hopkins v. Wykagyl Country Club*, 22-cv-10399 (CS) at 13:6-11 (citing *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 931-34 (S.D.N.Y. 2013)).

Judge Seibel concluded in her decision that she could not dismiss plaintiffs' minimum wage claims because the *Wykagyl* Complaint alleged factors which favored both arguments. Such

5

allegations included assertions that caddies kept all of the bag fees and were not obligated to share the fees with the club, that Wykagyl did not keep records of how much the caddies were paid nor which caddies were paid and did not collect or distribute the bag fees to the caddies or take steps to ensure that the golfers paid the fees or tips. Tr. Of Ruling on Mot. To Dismiss, *Hopkins v. Wykagyl Country Club*, 22-cv-10399 (CS) at 6:4-21.

Here, however, the allegations in Plaintiffs' Amended Complaint are distinguishable from those in *Wykagyl* and lead to the conclusion that the bag fees are service charges and not tips. Plaintiffs allege that there was a set $125 bag fee, and the amount was not discretionary. (Am. Compl. ¶¶ 161, 166).[4] The allegations also establish that it is the members/golfers' understanding that they were responsible for the caddie fee and the fee was compensation for the caddies' services. (Am Compl. ¶¶ 160, 162). Plaintiffs allege that the Club "served as a conduit through which golfers paid caddies in the 'chit' system" where golfers paid the caddies the bag payment from a Club account and that the Club "has receipts for payments from golfers to caddies, i.e., 'chits,'" including payments to Plaintiff David Anderson. (Am. Compl. ¶¶ 136, 171, 312).[5] Plaintiffs' allegations provide factual support that the compulsory bag fee the Club required the golfers pay to caddies for their services are service charges and not tips and must be credited to

---

[4] Plaintiffs' allegation that "golfers had the discretion to pay less than" the compulsory bag fee is undermined by their allegation that "if a golfer paid less than the suggested bag rate (or bag payment), then the caddie was at times told that it would be "made up next time" or the caddie master may take steps to obtain additional payment from the golfer to give to the caddie. (Am. Compl. ¶¶ 165, 166).

[5] Again, Plaintiffs' vague allegations that "upon information and belief, Hudson National Golf Club did not track the bag payments that were earned by each caddie" is contradicted by the more specific allegation that "Hudson National Golf Club has receipts for payments from golfers to caddies, i.e., 'chits'" and should therefore be disregarded. (Am. Compl. ¶¶ 173, 312). *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) (affirming dismissal where allegations supporting a claim were "contradicted… by more specific allegations in the Complaint").

6

the Club for purposes of minimum wage and overtime. Because these allegations are plainly distinguishable from those in *Wykagyl*, under the analytical framework laid out by Judge Seibel, the bag fees received by Plaintiffs constitute service charges and dismissal of Plaintiffs' Amended Complaint is warranted.

### III. AN IMPLICIT AGREEMENT EXISTS BETWEEN PLAINTIFFS AND THE CLUB, ESTABLISHING THAT THE BAG FEES CONSTITUTE RENUMERATION FOR PLAINTIFFS' SERVICES.

The bag fees paid by the golfers to the caddies for their services should be credited to the Club because an implicit agreement exists between Plaintiffs and the Club that the bag fees are renumeration for their caddie services. As Defendants argued in their moving papers, "whether a [third-party] payment qualifies as renumeration for employment depends on the employer's and employee's agreement." *Sec'y U.S. DOL v. Bristol Excavating, Inc.*, 935 F.3d 122, 129 (3d Cir. 2019). In determining whether an implicit agreement exists, the Court in *Bristol Excavating, Inc.* considered the following factors: (1) whether the employer is involved in "insisting upon a specific payment from a third party"; (2) whether the specific requirements for receiving the payments are known by the worker in advance of performing the relevant work; and (3) whether the payment was for a reasonably specified amount. *Bristol Excavating, Inc.*, 935 F.3d at 132, 137. Here, Plaintiffs concede that the Club was involved in setting the minimum bag fee as the specified amount of $125 per bag per loop and $65 per bag per half loop, and also took steps to obtain additional payment from the golfer if the caddies were paid less than the set fee. (Am. Compl. ¶¶ 161, 166, 303). Plaintiffs' allegations also show that they were aware the bag fee compensation could increase based upon the caddies' performance. (Am. Compl. ¶ 160).

It is implausible for Plaintiffs to have caddied season after season without having understood and agreed that the bag fees they received constituted pay for their services. In her ruling, Judge Seibel acknowledged that it "makes common sense" that such an understanding and

7

agreement exists. Tr. Of Ruling on Mot. To Dismiss, *Hopkins v. Wykagyl Country Club*, 22-cv-10399 (CS) at 15:1. However, Judge Seibel was constrained to deny the defendant's motion to dismiss in *Wykagyl* because the *Wykagyl* Complaint explicitly alleged that no such agreement exists. *Id*. at 15:1-3. Crucially, no such allegation exists here.

To the contrary, the allegations in Plaintiffs' Amended Complaint indicate that Plaintiffs did in fact understand and agree that the bag fees constituted renumeration for their caddie services. For example, Plaintiffs assert that "members or guests were instructed that they 'may compensate a caddie based upon the caddie's level of performance and the Member's degree of satisfaction.'" (Am. Compl. ¶ 160). This allegation indicates that caddies were aware how much they were paid was dependent on their performance as a caddie. Plaintiffs also allege Kevin McConaughy made clear to them that the "bag rate is $125 and how lucky all are to even be working this season…" which again shows that Plaintiffs were aware the bag fee was pay for their services. (Am. Compl. ¶ 309).

Although in *Wykagyl* Judge Seibel had to credit plaintiffs' allegation that no agreement existed and find plaintiffs' minimum wage claim plausible, here the specific allegations in Plaintiffs' Amended Complaint fully support Defendants' argument that an implicit agreement exists between Plaintiffs and the Club that the bag fee was renumeration for Plaintiffs' services. Accordingly, the *Wykagyl* decision buttresses Defendants' arguments and further supports their motion to dismiss.

## **CONCLUSION**

Based on the foregoing, and for the reasons set forth in Defendants' initial moving papers, Defendants respectfully request the Court issue an Order dismissing with prejudice Plaintiffs' Amended Complaint, and for such other and further relief as the Court may deem just and proper.

8

                                Respectfully submitted,

                                JACKSON LEWIS P.C.

By:    /*s/ Adam S. Gross*_____
        Adam S. Gross
        666 Third Avenue
        New York, NY 10017-4030
        (212) 545-4000
        *Adam.Gross@jacksonlewis.com*

        Greg Riolo
        44 South Broadway, 14th Floor
        White Plains, NY 10601
        (914) 872-8060
        *Greg.Riolo@jacksonlewis.com*

                                *ATTORNEYS FOR DEFENDANTS*

Dated: July 22, 2024
       New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

DAVID ANDERSON, MICHAEL NIGRO, TROY MOORE, JOSEPH MCGOVERN, ROSS JOHNSON, SIYA DUMA, and CONRAD BREWER, *on behalf of themselves and all others similarly situated*,

        Plaintiffs,

-against-

THE HUDSON NATIONAL GOLF CLUB, INC., (d/b/a "Hudson National Golf Club"), THERON C. HARVEY, RICHARD HARDIN, and KEVIN MCCONAUGHY,

        Defendants.

---------------------------------------------------------------x

Civil Action No.: 7:23-CV-00522 (KMK)

## **CERTIFICATE OF SERVICE**

   This is to certify that, on July 22, 2024, a true and correct copy of Defendants' Supplemental Memorandum Of Law In Support Of Defendants' Motion To Dismiss Plaintiffs' Amended Complaint was filed electronically, and has been served on Plaintiffs' counsel (below) through the Court's CM/ECF System.

Clifford Tucker, Esq.
Sacco & Fillas, LLP
31-19 Newtown Avenue, Seventh Floor
Astoria, New York 11102
ctucker@saccofillas.com

                *s/*Adam S. Gross
                Adam S. Gross