UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID ANDERSON, MICHAEL NIGRO, TROY MOORE, JOSEPH MCGOVERN, ROSS JOHNSON, SIYA DUMA, and CONRAD BREWER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE HUDSON NATIONAL GOLF CLUB, INC., (d/b/a "Hudson National Golf Club"), THERON C. HARVEY, RICHARD HARDIN, and KEVIN MCCONAUGHY,<br><br>Defendants. | Case 7:23-cv-00522-KMK |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

**IN RE: HON. CATHY SEIBEL'S JANUARY 9, 2024 DECISION IN *HOPKINS V. WYKAGYL COUNTRY CLUB,* No. 22-CV-10399 (S.D.N.Y.)**

1

**TABLE OF CONTENTS**

1. ARGUMENT ..................................................................................................................4

   1.1.   *Hopkins v. Wykagyl Country Club* Should Lead this Court to Deny the Motion to Dismiss Minimum Wage Claims Because Hudson National Golfers' Payments Were Entirely Discretionary Tips, not Mandatory Service Charges. ...................................................................................4

   1.2.   The Multi-Factor Test to Distinguish Wages from Tips in *Hopkins v. Wykagyl Country Club* and *Hart v. Rick's Cabaret Int'l, Inc* Should Lead this Court to Deny Defendants' Motion. ..................6

   1.3.   This Court Should Deny Defendants' Motion; Hudson National Golfers' Payments to Caddies Were Discretionary Tips Under the Code of Federal Regulations. ..........................................7

   1.4.   *Hopkins v. Wykagyl Country Club*, Shows the Hudson National Defendants are not Entitled to an Inference the Parties Agreed Tips were a Substitute for Wages. ...................................................8

   1.5.   This Court Should Deny the Defendants' Motion Because *Hopkins v. Wykagyl Country Club* does not Credit Defendants' Argument that Golfers with an Ownership Interest in the Club are Employers whose Tips Count Towards Wages. ........................................................................................9

   1.6.   The Court Should Not Dismiss Claims Under N.Y. Lab. Law § 195; Defendants did not Move to Dismiss those Claims and Plaintiffs Plausibly Alleged Standing. ..........................................10

2. CONCLUSION.............................................................................................................13

# **TABLE OF AUTHORITIES**

C‌ASES

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946) ----------------------------------------------12

*Brown v. City Univ. of New York*, No. 21CV854PKCMMH, 2022 WL 4637818 (E.D.N.Y. Sept. 30, 2022) ----------------------------------------------------------------------------------------------------------------- 5

*Bueno v. Buzinover,* No. 22 CIV. 2216 (PAE) (KHP), 2023 WL 2387113, at *3 (S.D.N.Y. Mar. 7, 2023) ----------------------------------------------------------------------------------------------------------------------12

*Chafin v. Chafin*, 568 U.S. 165, 172 (2013)------------------------------------------------------------------------11

*Chapman v. City Winery NY - Pier 57, LLC*, No. 23 CIV. 2778 (LGS), 2023 WL 8280608, at *2 (S.D.N.Y. Nov. 30, 2023) ----------------------------------------------------------------------------------------12

*Compere v. Nusret Miami, LLC*, 28 F.4th 1180 (11th Cir. 2022)----------------------------------------------- 7

*Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. New York City Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) ------------------------------------------------------------------------------ 8

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013) -------------------------------------- 6

*Hopkins v. The Wykagyl Country Club*, No. 7:22-cv-10399-CS (SDNY Jan 9, 2024) --------------------- 4, 7

*Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d 615, 620 (S.D.N.Y. 2011), *on reconsideration*, No. 08 CIV. 6181 DC, 2011 WL 3209521 (S.D.N.Y. July 27, 2011) --------------------------------------- 9

*Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 330 (E.D.N.Y. 2022), *reconsideration denied*, No. 121CV4387ENVJRC, 2024 WL 1422322 (E.D.N.Y. Mar. 29, 2024) ---------------------------------11

*Lipstein v. 20X Hosp. LLC,* No. 22CV04812JLRJW, 2023 WL 6124048 (S.D.N.Y. Sept. 19, 2023) -11, 12

*Metcalf v. TransPerfect Translations Int'l, Inc.,* No. 19CIV10104ERKHP, 2023 WL 2674743, at *4 (S.D.N.Y. Mar. 29, 2023) ------------------------------------------------------------------------------------ 11, 12

*Placinta v. Grazina Pilka, Inc.*, No. 16-CV-4272-KAM-SJB, 2018 WL 5024170, at *7 (E.D.N.Y. Oct. 5, 2018) --------------------------------------------------------------------------------------------------------- 9

*Sander v. Enerco Grp., Inc.*, No. 21 CV 10684 (VB), 2023 WL 1779691 (S.D.N.Y. Feb. 6, 2023) -------- 5

*Sec'y United States Dep't of Lab. v. Bristol Excavating, Inc.*, 935 F.3d 122, 129 (3d Cir. 2019) -------------- 8

*Tulino v. City of New York,* No. 15-CV-7106 (JMF), 2018 WL 1568970, at *4 (S.D.N.Y. Mar. 27, 2018) -----------------------------------------------------------------------------------------------------------------------10

S‌TATUTES

Fed. R. Civ. P. 12 --------------------------------------------------------------------------------------------------------10
N.Y. Lab. Law § 195 ---------------------------------------------------------------------------------------------- passim

O‌THER A‌UTHORITIES

1969 IRB LEXIS 637 --------------------------------------------------------------------------------------------------- 7

R‌EGULATIONS

29 C.F.R. § 531.52 ------------------------------------------------------------------------------------------------------- 7
29 C.F.R. § 531.53 ------------------------------------------------------------------------------------------------------- 7
29 C.F.R. § 531.55 ---------------------------------------------------------------------------------------------------- 7, 8

Plaintiffs respectfully submit this Supplemental Memorandum in Further Opposition to Defendants' motion to dismiss following Judge Cathy Seibel's ruling in *Hopkins v. The Wykagyl Country Club*, No. 7:22-cv-10399-CS (SDNY Jan 9, 2024).[1]

## 1. ARGUMENT

*Hopkins* should lead this Court to deny the Hudson National Defendants'[2] motion to dismiss minimum wage claims. Unlike mandatory service charges, which were at issue in *Hopkins*, payments by Hudson National golfers to caddies were entirely discretionary tips. This distinction is pivotal under the multi-factor test articulated in *Hopkins* and *Hart v. Rick's Cabaret Int'l, Inc.,* underscoring that Defendants' argument that golfers' tips are wages lacks merit. Even substantial tips cannot substitute for lawful wages and overtime. Moreover, *Hopkins* rejects the notion that club members constitute employers whose tips should be construed as wages. Finally, the Hudson National Defendants did not move to dismiss claims under N.Y. Lab. Law § 195 initially and should not be heard to do so in supplemental briefing. Moreover, Plaintiffs plausibly alleged standing arising out of Defendants' violation of N.Y. Lab. Law § 195.

### 1.1. *Hopkins v. Wykagyl Country Club* Should Lead this Court to Deny the Motion to Dismiss Minimum Wage Claims Because Hudson National Golfers' Payments Were Entirely Discretionary Tips, not Mandatory Service Charges.

Judge Siebel denied the Wykagyl motion to dismiss minimum wage claims and this Court should do likewise in this case at bar. The facts here provide a stronger basis to deny Defendants' motion than those in *Hopkins*. Unlike Wykagyl, which imposed a "mandatory service charge" of $120 bag fee plus discretionary tips, Hudson National did not impose a "mandatory" fee; instead, all golfers' payments to Hudson National caddies were discretionary. Ex. A (Pg. 11 - 12). Any claim

---

[1] A copy of the transcript of the Court's decision in *Hopkins v. The Wykagyl Country Club*, No. 7:22-cv-10399-CS (SDNY Jan 9, 2024) is attached hereto as exhibit "A." Plaintiffs' First Amended Complaint is attached hereto as Exhibit "B."

[2] Hudson National Defendants refers to all Defendants at bar.

4

that Hudson National required or mandated a set payments to caddies would be untrue. The simple truth here is that the Hudson National website and the Plaintiffs' allegations clearly state that payments from golfers were entirely discretionary tips:

> "**160**. Members or guests were instructed that they '**may** compensate a caddie based upon the caddie's level of performance and the Member's degree of satisfaction'." https://www.hudsonnational.org/the-club/guest-rules."
> "**161**. Hudson National Golf Club stated, 'the all-inclusive **suggested** Caddie Rate is $125 Per Bag for 18 Holes and $65 Per Bag for 9 Holes'." https://www.hudsonnational.org/the-club/guest-rules."
> "**163**. While Hudson National Golf Club ostensibly prohibits its 'employees' from accepting or soliciting gratuities, Hudson National Golf Club ostensibly excludes caddies from that policy. https://www.hudsonnational.org/the-club/guest-rules."
> "**165**. While the '**suggested**' bag rate was $125 per round, golfers had the discretion to pay less than that amount and, at times, did so."
> "**167**. The amount the golfer chooses to pay in a bag payment is contingent on the golfer's discretion and satisfaction with the caddie. The golfer could pay more than the **suggested** bag rate or less."
> "**179**. Caddies were not guaranteed to be paid just by showing up to work at Hudson National Golf Club. For instance, if golfers canceled the round, the caddie may not be paid."
> "**181**. Bag fees constitute gratuities or tips rather than wages." Ex. B (section 5.1.4 "Caddies' Payments") (emphasis added).[3]

If Wykagyl's "mandatory service charge" did not constitute "wages" in a dismissal motion, neither should Hudson National's entirely discretionary—i.e., "suggested"—tips. Ex. A (Pg. 11).[4]

---

[3] Hudson National "may" assist caddies in getting additional payment if the golfer leaves a small tip, but this does not make the tip a wage or mandatory. It shows that Hudson National has no obligation to ensure caddies receive a specific amount. Ex. B (166, 303). Additionally, a caddie master telling a caddie it would be "made up next time" if a tip is low indicates no guarantee of a mandatory payment. Ex. B (166). The only times Hudson National paid caddies directly were when hosting marketing groups or golf digest raters, and even then, caddies had to report additional tips, which reduced the club's payment. (Ex. B, p. 219). Thus, Hudson National never guaranteed that caddies would be paid a set amount.

[4] *Sander v. Enerco Grp., Inc.*, No. 21 CV 10684 (VB), 2023 WL 1779691 (S.D.N.Y. Feb. 6, 2023) and *Brown v. City Univ. of New York*, No. 21CV854PKCMMH, 2022 WL 4637818 (E.D.N.Y. Sept. 30, 2022) are inapplicable. Unlike Plaintiffs at bar, whose allegations are consistent with Hudson National's website and are not conclusory, the *Sander* plaintiffs contradicted a report relied upon in the complaint and Defendants did not analogize *Brown* to the instant case.

Accordingly, and particularly considering *Hopkins*, this Court should deny the Hudson National Defendants' motion to dismiss.

### 1.2. The Multi-Factor Test to Distinguish Wages from Tips in *Hopkins v. Wykagyl Country Club* and *Hart v. Rick's Cabaret Int'l, Inc* Should Lead this Court to Deny Defendants' Motion.

*Hopkins* endorsed the multi-factor analysis from *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013) as the "better way to approach" determining whether golfers' payments constitute tips or wages. Ex. A (Pg. 13). *Hopkins* ultimately denied Defendants' motion because "there are factors on both sides." Ex. A (Pg. 14). In the case at bar, even more factors point towards rejection of the Hudson National Defendants' motion to dismiss.

As shown in Plaintiffs' Opposition Memorandum and here, the factors in *Hart*, endorsed by *Hopkins*, show that Hudson National golfers' discretionary payments were tips, not wages. Ex. A (Pg. 12 - 13). At Hudson National, golfers' payments were tips because "the giving of money the money was voluntary," "the amount was up to the customer," and the "method of distribution" was either direct from golfer to caddie or through the Club as a conduit, like tipping on a credit card. Ex. A (Pg. 12 – 13, quoting list of factors); Ex. B (5.1.4 "Caddies' Payments"); *see Hart*, 967 F. Supp. 2d 901 (determining payments were tips that cannot offset wages based on factors: fees not included in employer's gross receipts, fees included direct cash payments by customers of varying size for personal service, customers' payments were unrecorded by employer, employer kept incomplete record of total fees paid, employer understood the payments to be property of worker i.e., caddies/dancers, among others).

Moreover, like tips, Hudson National golfers' payments were not included in Hudson National's "gross receipts" and the golfers' tips were "regarded as the employee's [i.e., caddies'] property." Ex. A (Pg. 12 - 13); Ex. B (section 5.1.4 "Caddies' Payments"); *Hart*, 967 F. Supp. 2d 901. Hudson National also did not "track" the golfers' tips. Ex. A (Pg. 12 - 13); Ex. B (section 5.1.4

6

"Caddies' Payments"). The "fact intensive determination" from *Hopkins* and *Hart* should lead this Court, like it did the *Hopkins* court, to reject the Hudson National Defendants' motion. Ex. A (Pg. 13).[5]

### 1.3. **This Court Should Deny Defendants' Motion; Hudson National Golfers' Payments to Caddies Were Discretionary Tips Under the Code of Federal Regulations.**

Even though the *Hopkins* court was "not convinced that 29 C.F.R. § 531.55 should drive the decision," that regulation and other sections of the C.F.R. should lead this Court to deny Hudson National Defendants' motion. Unlike in *Hopkins*, where a "compulsory charge for service" was in question, here, Hudson National golfers' tips were entirely discretionary and not part of any "compulsory" fee for service. Ex. A (*quoting* 29 C.F.R. § 531.55) (Pg. 12). Thus, unlike Wykagyl, Hudson National did not require a "compulsory charge" to apply the C.F.R.

In Plaintiffs' Opposition Memorandum, Plaintiffs demonstrated that payments made by Hudson National golfers constituted tips under several sections of the C.F.R. Golfers' gratuities qualify as 'tips' under 29 C.F.R. § 531.52(a) because they were voluntarily given directly to caddies based on the golfers' satisfaction. These payments are categorized as 'tips' under 29 C.F.R. § 531.53 because the caddies retained the entire amounts. These payments do not constitute wages under 29

---

[5] While *Hopkins* acknowledges that "at least one of the policy reasons underlying *Hart* does not apply here because golf clubs have no obligation to withhold payroll taxes for caddies under Revenue Ruling 69-26" the *Hopkins* court still denied the motion to dismiss stating that it "cannot conclude at this stage that plaintiff's allegations are implausible." *Hopkins v. The Wykagyl Country Club*, No. 7:22-cv-10399-CS (SDNY Jan 9, 2024) (Pg. 13-14, citing 1969 IRB LEXIS 637). The Court at bar should likewise deny the Hudson National Defendants' motion in its entirety.

*Compere v. Nusret Miami, LLC*, 28 F.4th 1180 (11th Cir. 2022) is not applicable here. That case is based on Florida law, whereas this case is governed by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.18 and N.Y. Lab. Law § 196-d, which classify any charge purported to be a gratuity as a tip, not a wage. Additionally, unlike *Compere*, where the issue was a "mandatory 18% service charge," the pleadings and Defendants' website here clearly show that the payments were discretionary, not compulsory. Lastly, *Compere* also did not lead the *Hopkins* court to grant a motion to dismiss. Ex. A.

C.F.R. § 531.55(a) since they were not provided by the employer-Defendants. Pltf's Mem. In Opp. (Pg. 12 - 14). *Hopkins* and the C.F.R. should lead the Court to deny the motion.

### 1.4. *Hopkins v. Wykagyl Country Club*, Shows the Hudson National Defendants are not Entitled to an Inference the Parties Agreed Tips were a Substitute for Wages.

This Court should deny Defendants' motion because, like in *Hopkins*, there is no agreement that the tips constituted wages at Hudson National. No such inference should be drawn at this stage and even substantial tips, like those at an expensive restaurant, are not a substitute for lawful wages.

The *Hopkins* Court rightly denied the motion to dismiss and held that "at this stage I must credit plaintiffs' allegation that no agreement existed" that tips constituted wages. Ex. A (Pg. 14 – 15).[6] This Court should likewise "draw all reasonable inferences in the plaintiff's favor" and deny the Hudson National Defendants' motion. *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. New York City Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021). If the compulsory based payments in *Hopkins* were not wages as a matter of agreement, then the entirely discretionary tips in Hudson National cannot have been agreed-upon wages either.

Defendants might argue an agreement that discretionary tips constituted wages existed through course of conduct; however, *Sec'y United States Dep't of Lab. v. Bristol Excavating, Inc.,* 935 F.3d 122, 129 (3d Cir. 2019), cited by *Hopkins*, is instructive in dispelling that assertion: "an implicit agreement does not arise between an employer and its employees simply because the employer permits its employees to participate in a third-party bonus program and does something to facilitate their receipt of the bonuses." *Bristol Excavating, Inc.*, 935 F.3d at 129. "Many employers permit their employees to receive payments from third parties and take minor steps to facilitate their employees'

---

[6] Defendants did not originally argue that there was an agreement that tips constituted wages. Nor could such an agreement be inferred from the pleadings. At best, they argued it "defies reason" that tips would not count towards the minimum wage. Defendants are not entitled to that inference at this stage. That said, if the Court is inclined to dismiss on that ground, Plaintiffs respectfully request an opportunity to amend to make even more explicit that no such agreement existed.

8

receipt of those payments, without those payments qualifying as remuneration for employment, tips being the most obvious example." *Id.* The motion should be denied.

Even if it seemed "common sense" in *Hopkins* that Wykagyl caddies would not have caddied for so long without understanding that bag fees constituted their remuneration, such an understanding does not necessarily apply at Hudson National where golfers' tips were entirely discretionary. Ex. A (Pg. 14); Ex. B. The proper inference here is that Hudson National golfers' tips resemble "substantial" tips that servers receive at expensive restaurants. "Even if golfers, like many expensive restaurant customers, voluntarily paid customary 'substantial' tips, tips are not transformed into wages." Mem. In Opp. (Pg. 19) (*citing Lanzetta v. Florio's Enterprises, Inc.*, 763 F. Supp. 2d 615, 620 (S.D.N.Y. 2011), *on reconsideration*, No. 08 CIV. 6181 DC, 2011 WL 3209521 (S.D.N.Y. July 27, 2011) (holding servers earning "significant tip income" are entitled to lawful wages and overtime)); *See Placinta v. Grazina Pilka, Inc.*, No. 16-CV-4272-KAM-SJB, 2018 WL 5024170, at *7 (E.D.N.Y. Oct. 5, 2018) nor can such an agreement be inferred. The motion to dismiss should be denied.[7]

    **1.5. This Court Should Deny the Defendants' Motion Because *Hopkins v. Wykagyl Country Club* does not Credit Defendants' Argument that Golfers with an Ownership Interest in the Club are Employers whose Tips Count Towards Wages.**

This Court should deny the Hudson National Defendants' motion because *Hopkins* does not credit Defendants' argument that "the golfers had an ownership interest in the Club and the fees they paid to plaintiffs should therefore be counted toward any minimum wage as payment coming from the employer." Ex. A (Pg. 15).

Like in *Hopkins*, the facts in this case do not support the idea that members are joint employers. Ex. A (Pg. 15). Plaintiffs have provided strong reasons to dismiss the members-as-

---

[7] *Hopkins* appropriately rejected Wykagyl's assertion that they could easily calculate plaintiffs' earnings based on records of their work. Ex. A (Pg. 14-15). The Hudson National Defendants did not claim to have kept such records and cannot make such an argument at this stage.

employers argument, which the Hudson National Defendants failed to substantiate. Equating members with the club is like equating shareholders with a corporation; they are distinct entities. Hudson National Golf Club, Inc. operates independently of its members, as shown by financial filings and legal actions. Ex. B (¶¶ 43, 45, 46). Defendants have not conceded that golfers were employers, and without joint employer status, golfers' tips cannot offset Hudson National Defendants' obligations. *See Tulino v. City of New York,* No. 15-CV-7106 (JMF), 2018 WL 1568970, at *4 (S.D.N.Y. Mar. 27, 2018); Pltfs' Mem. In Opp. (Pgs. 17 – 19). Defendants' motion should be denied.

### 1.6. The Court Should Not Dismiss Claims Under N.Y. Lab. Law § 195; Defendants did not Move to Dismiss those Claims and Plaintiffs Plausibly Alleged Standing.

Plaintiffs plausibly alleged standing under N.Y. Lab. Law § 195. Unlike *Hopkins* defendants, Hudson National Defendants did not move to dismiss these claims and should not be heard to do so now. Moreover, unlike plaintiffs in *Hopkins*, most Plaintiffs here were hired after N.Y. Lab. Law § 195 came into effect. Plaintiffs plausibly alleged that violation of N.Y. Lab. Law § 195 hindered the ability to accurately track hours worked, resulting in underpayment and impeding their ability to seek appropriate recourse—sufficient grounds for standing. The delay in wage payments due to these violations constitutes a distinct injury beyond mere underpayment, further supporting standing. Additionally, courts have upheld standing for similar violations of N.Y. Lab. Law § 195.

First, The Court should not dismiss claims under N.Y. Lab. Law § 195 solely based on *Hopkins*. Hudson National Defendants should not be heard in supplemental briefing after the Fed. R. Civ. P. 12(b)(6) deadline has passed. Additionally, while the *Hopkins* plaintiffs were hired before

N.Y. Lab. Law § 195(1) took effect on April 9, 2011, several of the Plaintiffs at bar were hired after that date.[8] Accordingly, Plaintiffs are entitled to proceed under N.Y. Lab. Law § 195(1).[9]

Second, Plaintiffs at bar plausibly alleged standing to bring claims under N.Y. Lab. Law § 195. Unlike *Hopkins* plaintiffs, the Plaintiffs at bar plausibly alleged injury in fact.

"The Second Circuit has described the injury-in-fact requirement as a low threshold." *Metcalf v. TransPerfect Translations Int'l, Inc.,* No. 19CIV10104ERKHP, 2023 WL 2674743, at *4 (S.D.N.Y. Mar. 29, 2023). "Injury-in-fact necessary for standing need not be large; an identifiable trifle will suffice." *Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324, 330 (E.D.N.Y. 2022), *reconsideration denied*, No. 121CV4387ENVJRC, 2024 WL 1422322 (E.D.N.Y. Mar. 29, 2024). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

*Lipstein v. 20X Hosp. LLC,* No. 22CV04812JLRJW, 2023 WL 6124048 (S.D.N.Y. Sept. 19, 2023) is instructive and to allow Plaintiffs' claims under N.Y. Lab. Law § 195 to proceed. *Lipstein* held Plaintiffs established standing who were prevented from "realizing their true hours worked," "realizing they were underpaid," and "taking appropriate action to obtain the payments due to them." *Id.* Unlike the *Hopkins* plaintiffs, Plaintiffs at bar sufficiently particularized that Defendants' failure to give wage notices and statements under N.Y. Lab. Law § 195 caused injury by depriving them of the ability to contest Defendants' calculations, allowing Defendants to hide wrong-doing and necessitating this litigation thereby further delaying proper and timely compensation. Ex. B (140 – 141). "The delay in compensation that results when someone lacks the full information needed to

---

[8] Michael Nigro (April 1, 2015); Troy Moore (April 2012); Joseph McGovern (October 1, 2013); Joseph McGovern (2012); Siya Duma (July 2019); Conrad Brewer (May 2016). Ex. A (citing Sokolovsky v. Silver Lake Specialized Care Ctr., No. 21-CV-01598 (MKB), 2023 WL 5977298 (E.D.N.Y. Sept. 14, 2023) at pg. 16); Ex B (12, 16, 20, 31, 35, 39)

[9] The date of hiring irrelevant to claims for wage statement violations under N.Y. Lab. Law § 195(3).

advocate for appropriate wages deals an injury that is distinct from any underpayment itself." *Lipstein*, No. 22CV04812JLRJW, 2023 WL 6124048, at *10. Standing is thus established here.

Additionally, "denying an employee such notices—as alleged here—can impinge on an employee's interests not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay." *Bueno v. Buzinover,* No. 22 CIV. 2216 (PAE) (KHP), 2023 WL 2387113, at *3 (S.D.N.Y. Mar. 7, 2023). N.Y. Lab. Law § 195 mandated the disclosure of pay rates, hours worked, employer names, and deductions like taxes. *See* N.Y. Lab. Law § 195. Defendants are using their failure to comply with N.Y. Lab. Law § 195 to bolster unsupported arguments, such as equating tips with wages and conflating golfers and guests with the corporate entity of the club itself. These arguments cause further injury to Plaintiffs by delaying and denying full compensation. "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records … the employer, having received the benefits of such work, cannot object to the payment for the work on the most accurate basis possible under the circumstances." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946).

Courts affirmed standing in similar cases, recognizing that violations like those alleged here impair employees' ability to assert their rights clearly and timely. *see Lipstein*, No. 22CV04812JLRJW, 2023 WL 6124048, at *10; *Chapman v. City Winery NY - Pier 57, LLC*, No. 23 CIV. 2778 (LGS), 2023 WL 8280608, at *2 (S.D.N.Y. Nov. 30, 2023) ("given the low threshold for pleading injury in fact" the inability of plaintiff "to ascertain how much he should have been paid because wage statements were inaccurate sufficient pleads an injury"). *Metcalf*, No. 19CIV10104ERKHP, 2023 WL 2674743, at *6 emphasized that the lack of accurate records prevented plaintiffs from verifying the adequacy of remedial payments for overtime hours, underscoring the concrete nature of their injury. Similarly, *Bueno*, No. 22 CIV. 2216 (PAE) (KHP), 2023 WL 2387113 highlighted how denial of statutorily required notices impairs an employee's ability to advocate for proper pay, establishing an injury

12

sufficient for standing. Other cases affirming standing include *Mateer v. Peloton Interactive, Inc.*, No. 22 CIV. 740 (LGS), 2022 WL 2751871 (S.D.N.Y. July 14, 2022) and *Thompson v. Elev8 Ctr. New York, LLC*, No. 20CV9581PGGJLC, 2023 WL 4556045 (S.D.N.Y. July 17, 2023), *report and recommendation adopted*, No. 20CIV9581PGGJLC, 2023 WL 6311591 (S.D.N.Y. Sept. 28, 2023). For the foregoing reasons, this Court should allow Plaintiffs' claims under N.Y. Lab. Law § 195 to proceed.[10]

## 2. CONCLUSION

In light *Hopkins v. Wykagyl Country Club*, which rejected arguments regarding mandatory service charges, this Court should similarly deny Defendants' motion to dismiss. Plaintiffs at bar demonstrated that the payments made by golfers to caddies at Hudson National were discretionary tips rather than wages. Unlike the mandatory service charges in *Hopkins*, the Hudson National tips were voluntary and not a compulsory fee for service. The multi-factor test articulated in *Hopkins* and *Hart v. Rick's Cabaret Int'l, Inc.* further supports the conclusion that these payments constitute tips, not wages. The C.F.R. likewise would lead to the conclusion that the payments at bar are tips, not wages. Moreover, Plaintiffs have plausibly alleged standing under N.Y. Lab. Law § 195, demonstrating how the violations hindered their ability to track hours accurately and seek appropriate recourse. For these reasons, the Court should deny the defendants' motion to dismiss the minimum wage claims and allow the plaintiffs' claims under N.Y. Lab. Law § 195 to proceed.

Dated: Astoria, New York  
       July 22, 2024

Respectfully submitted,

By: _____/s/ Clifford Tucker_____  
       Clifford Tucker, Esq.

---

[10] Or alternatively, if the Court is inclined to dismiss Plaintiffs' claims under N.Y. Lab. Law § 195, this Court, like *Hopkins*, should grant Plaintiffs leave to re-plead.

13